COMMONWEALTH *vs.* JAMES J. MICKEL. December 10, 1987. *Jury and Jurors. Practice, Criminal,* Examination of jurors.

We granted the defendant's application for direct appellate review to consider his claim that the judge abused his discretion in not asking the venire whether each juror "or any of [the jurors'] close friends or relatives [had] ever been the victim of a crime? [And,] [i]f so, do you have any emotion as a result of the experience which would make it difficult for you to fairly and impartially judge the evidence in this case?" The defendant also asserts that the judge failed to exercise his discretion in ruling on the defendant's requests for interrogation of the jurors on the main principles governing criminal trials. The defendant was convicted on one indictment

---

charging forcible rape of a child under sixteen, two indictments charging assault by means of a dangerous weapon, and one indictment charging assault and battery which was placed on file. The main issue at trial was identification. On appeal, the defendant asserts these two rulings at the voir dire violated his constitutional and statutory rights. We do not agree. We affirm.

Prior to trial the defendant moved for an individual voir dire of the jurors which was denied.[1] The defendant supplemented his request by filing nineteen affidavits from ten defense attorneys setting forth their voir dire experiences in individual cases. Essentially the affidavits indicated that individual voir dire is the most desirable method of questioning, that collective questioning also is appropriate, but that reliance on the juror questionnaire is not warranted because invariably some jurors will not answer some of the questions.

There was no constitutional error. The witnesses and the defendant are of the same race. "Questions not aimed at 'at revealing racial bias or any similarly indurated and pervasive prejudice' are not constitutionally required." *Commonwealth* v. *Rhoades,* 379 Mass. 810, 821 (1980). See *Commonwealth* v. *Sheline,* 391 Mass. 279, 289 (1984); *Commonwealth* v. *Estremera,* 383 Mass. 382, 387-388 (1981). Cf. *Commonwealth* v. *Sanders,* 383 Mass. 637, 639-640 (1981). Accord *Rosales-Lopez* v. *United States,* 451 U.S. 182, 188-192 (1981).

The judge's determination whether to ask questions other than those required by G. L. c. 234, § 28, will not be disturbed on appeal unless the complaining party "demonstrates that there was a substantial risk that the case would be decided in whole or in part on the basis of extraneous issues." *Commonwealth* v. *Sheline, supra* at 290-291. The defendant asserts that he was prejudiced because two jurors who had deliberated on his case failed to answer the juror questionnaire, see G. L. c. 234A, § 22, as to whether they or any member of their family had prior experience as victims of crime. The defendant did not bring this to the attention of the judge. On appeal, we will not consider alleged errors in the empanelment process which are not brought to the judge's attention during empanelment. We add that the judge asked the statutory questions as well as questions concerning pretrial publicity and police credibility. On this record he was not required to do more. Further, failure by a juror to answer questions on the questionnaire does not, without more, demonstrate error in the empanelment. General Laws c. 234, § 28, governs voir dire interrogation; G. L. c. 234A, § 22, does not.

At the time the jurors were called the defendant requested the judge inquire of the jurors concerning their understanding of the three main principles which govern juror deliberations in criminal cases. The defendant ac-

---

[1] That ruling is not challenged on appeal.

knowledges that c. 234, § 28, first par. (1986 ed.), requiring such interrogation was not effective at the time of his trial.[2] Nevertheless, he argues that the judge had discretion to ask the question even though the amendment was not yet effective, and that the judge failed to exercise his discretion. We do not agree. As we read the record the judge knew he could ask additional questions, but concluded that he would not do so. The judge clearly had read all the defendant's requests, granted two of them and denied the remainder. There is no error.

*Judgments affirmed.*

*Eric Brandt,* Committee for Public Counsel Services, for the defendant.
*Nijole Slezas,* Assistant District Attorney, for the Commonwealth.

---

[2] Statute 1985, c. 463 (effective January 28, 1986). The Commonwealth has not challenged § 28, first par., as violative of art. 30 of the Declaration of Rights of the Massachusetts Constitution. We therefore leave that issue open.

