**Charles CUNNINGHAM,
Petitioner-Appellee,**

v.

**E. P. PERINI, Supt.,
Respondent-Appellant.**

No. 80–3794.

United States Court of Appeals,
Sixth Circuit.

Argued June 12, 1981.

Decided July 27, 1981.

Rehearing and Rehearing En Banc Denied
Sept. 10, 1981.

---

Richard David Drake, Asst. Atty. Gen., of Ohio, Columbus, Ohio, for respondent-appellant.

Richard L. Aynes, University of Akron, School of Law, Akron, Ohio, for petitioner-appellee.

Before EDWARDS, Chief Circuit Judge, ENGEL, Circuit Judge, and BERTELS-MAN, District Judge.*

PER CURIAM.

The respondent appeals from a judgment of the district court granting a writ of habeas corpus to petitioner, Charles Cunningham. The writ was granted by the district court, which adopted the magistrate's finding that comments made by the

* Hon. William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

prosecutor in Cunningham's state trial for first degree murder referred to petitioner's failure to testify on his own behalf. Thus, according to the magistrate, these comments were violative of Cunningham's rights under the Fifth and Fourteenth Amendments, as articulated in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

The improper prosecutorial statement occurred during the government's rebuttal argument before the jury. It referred to the defendant's demeanor at the counsel table while he observed a principal witness, one Paulette Hardge, testify against him:

> MR. SPERLI: As this man sat in this courtroom put yourselves in his position. Can you imagine yourself an innocent man sitting in this chair as you saw Paulette Hardge testify? Was there any indignation manifested here or did he just sit there and stare?
>
> MR. FLEMING: Objection.
>
> MR. TOLLIVER: Objection. That's all he has to do.
>
> THE COURT: Objection overruled.
>
> MR. SPERLI: When you looked at him what impression did he give you?

A contemporaneous objection to the comments was overruled in the presence of the jury. The state trial court, however, in its regular instructions, later advised the jury of the defendant's right to remain silent. The court also gave the usual precautionary instruction that no adverse inference should be drawn from the defendant's failure to testify. The same point had been clearly argued by Cunningham's counsel during his own closing argument.

■ Whether prosecutorial comments are to be construed as relating to the defendant's exercise of his Fifth Amendment right to remain silent has recently been carefully articulated for our circuit by Circuit Judge Nathaniel R. Jones in *United States v. Robinson*, 651 F.2d 1188, at 1197 (6th Cir. 1981):

> To reverse a conviction for improper comment on the criminal defendant's Fifth Amendment right to remain silent, "we must find one of two things: that

'the prosecutor's manifest intention was to comment upon the accused's failure to testify or that the remark was 'of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' " *United States v. Rochan*, 563 F.2d 1246, 1249 (5th Cir. 1977); *United States v. Wells*, 431 F.2d 434, 435 (6th Cir. 1970), *cert. denied*, 400 U.S. 997, [91 S.Ct. 475, 27 L.Ed.2d 448] (1971). "We cannot find that the prosecutor manifestly intended to comment on the defendant's failure to testify if some other explanation for his remark is equally plausible." *Rochan, supra*, at 1249. Whether the jury "necessarily construes" a prosecutor's remark as a comment on a defendant's failure to testify requires a probing analysis of the context of the comment, and the likely effect of the district court's curative instruction, if any.

Applying the guidelines set forth by Judge Jones in *Robinson*, the court is of the opinion that the remarks to which Cunningham objects do not amount to a comment on the failure of the accused to testify. Instead, they were directly related to the conduct of the defendant while another witness was on the stand. Even the magistrate appears to have recognized at least in part that the comments related to the defendant's demeanor in court, although he found that such comments were within the "spirit of the self-incrimination clause of the Fifth Amendment," as reflected in *Griffin v. California, supra*. Therefore, the court is of the opinion that the petitioner's reliance upon *Griffin v. California, supra*, is misplaced.

■ Under other circumstances, a prosecutor's comment upon a defendant's demeanor might be scrutinized under the Due Process Clause. Until a defendant has placed his own demeanor in evidence by taking the stand to testify, his personal appearance at the trial is irrelevant to the question of his guilt or innocence. If the defendant remains impassive during the testimony of his accuser, he is only conforming to that standard of deportment

which the courts have a right to expect from all participants in the trial process, including the parties. That issue was not raised in this appeal, however, and does not appear to be appropriate here given the isolated nature of the prosecutor's comments in the overall context of the trial. Any error that might have occurred here which was not fully corrected by the curative instruction of the state trial judge does not rise to constitutional proportions. *See Borodine v. Douzanis*, 592 F.2d 1202, 1209–12 (1st Cir. 1979); *Bishop v. Wainwright*, 511 F.2d 664, 668 (5th Cir. 1975), *cert. denied*, 425 U.S. 980, 96 S.Ct. 2186, 48 L.Ed.2d 806 (1976). This is not to say, of course, that the prosecutor's commentary on the petitioner's demeanor, if made in a federal court, might not be subject to correction by an appellate court in the exercise of its supervisory powers. *See United States v. Wright*, 489 F.2d 1181 (D.C.Cir.1973). Accordingly,

The judgment of the district court, granting the writ of habeas corpus, is reversed.