## COMMONWEALTH vs. DAVID YOUNG, JR.

Suffolk. December 2, 1986. — March 24, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Homicide. Practice, Criminal,* Argument by prosecutor. *Evidence,* Relevancy and materiality, Other offense.

At a criminal trial, certain portions of the prosecutor's closing argument which improperly urged the jury to draw inferences adverse to the defendant because he sat impassively during the trial were prejudicial, necessitating reversal of his convictions. [531]

INDICTMENTS found and returned in the Superior Court on March 18, 1977.

Following habeas corpus proceedings in Federal courts, the cases were tried anew before *Elbert Tuttle,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Thomas C. Federico,* Committee for Public Counsel Services (*Stephanie Page* with him) for the defendant.

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. We granted the defendant's application for further appellate review to consider the propriety of a prosecutor's closing jury argument which urged the jury to draw inferences adverse to the defendant David Young, Jr., because he sat impassively during the trial. The Appeals Court concluded that the prosecutor's argument was permissible and not unfair. *Commonwealth* v. *Young,* 22 Mass. App. Ct. 452, 453-454 (1986). We disagree. The argument was improper and, in the circumstances, unfair to the point of requiring a new trial.[1]

---

[1] It is most unfortunate that there must be a new trial, particularly in view of the long history of trials of these indictments which the Appeals Court

In the course of the prosecutor's final argument to the jury in this case, involving charges of murder in the second degree of two brothers, the following occurred:

> THE PROSECUTOR: "Is David Young, a conniving kind of fellow, somebody who can disguise his real feelings, to mislead people for his own purposes? Do think that he is? Is he a pretty cool customer? He's been sitting here in front of you now for a week . . . ."
> DEFENSE COUNSEL: "Your Honor, I object to this."
> THE PROSECUTOR: "And part of your function as jurors . . . ."
> DEFENSE COUNSEL: "Please."
> THE JUDGE: "I'll allow him to continue."
> THE PROSECUTOR: "You are well entitled as jurors to use your eyes and ears and observe what goes on in front of you right here in this courtroom. And you've been watching him sit there for a week. *Did you notice how he just sits there stone-faced, cool, never blinks an eye, doesn't get upset about anything? He's very in control. He doesn't show his emotions when he doesn't want to, does he?"* (emphasis supplied).

Following the prosecutor's argument, defense counsel renewed the point. The following occurred at the side bar:

> DEFENSE COUNSEL: "You Honor, in reference to the prosecutor's comment on the reaction, or lack of reaction of David Young at counsel table, I would be asking the Court to give the following instruction. I still note my objection and would move for a mistrial on that. But, I would ask the Court to consider giving, 'The defendant may sit passively at counsel table for many reasons with no bearing on his guilt or innocence, including his advice of counsel, and you are to draw no inferences from the fact that the defendant has not reacted emotionally at this

recites. *Id.* at 453 n.1. See *Commonwealth* v. *Young,* 382 Mass. 448 (1981). We note that the prosecutor at trial was not counsel for the Commonwealth on this appeal.

trial, and any reference by the prosecutor as to the defend-
ant's actions or reactions are to be totally disregarded.' "

"I have worked with him to be where he is today. He
could have been a behavior problem. It was a concern
that I had. And to have that twisted and used against him
I think is very prejudicial."

THE PROSECUTOR: "It's not prejudicial at all."

THE JUDGE: "No, wait, please."

DEFENSE COUNSEL: "I also feel . . . ."

THE JUDGE: "Please. Now, he's allowed to comment on
his demeanor during the trial. And I cite to you *Common-
wealth* v. *Smith*, 387 Mass. at Page 900, 1983 case."

The judge consequently gave no curative instruction.

We have never permitted a prosecutor to argue that an inference
should be drawn against a defendant from the fact that he sat
quietly throughout the trial. "[N]o evidence of guilt arises when
a defendant sits calmly in the court room." *Commonwealth* v.
*Borodine,* 371 Mass. 1, 11 (1976), cert. denied, 429 U.S. 1049
(1977). No inference of guilt may fairly be argued from a defend-
ant's proper courtroom behavior. Thus our opinions have
criticized prosecutorial comments on a defendant's failure to do
something during trial. See *Commonwealth* v. *Kater,* 388 Mass.
519, 532-533 (1983) (improper for prosecutor to imply that the
reason defendant did not wear short-sleeved shirts during the trial
was to conceal his hairy arms); *Commonwealth* v. *Borodine,*
*supra* at 9 (error, conceded by Commonwealth, to argue that the
defendant "never had a shred of remorse from the beginning right
up until now," cured by instruction that argument was immaterial
and inappropriate). See also *Commonwealth* v. *Pullum,* 22 Mass.
App. Ct. 485, 488 (1986) ("Suggesting that normal courtroom
behavior betrays consciousness of guilt is improper." Judgment
reversed when the prosecutor attributed consciousness of guilt to
the defendant's not smiling or showing his teeth during a breaking
and entering trial in which there was evidence that the intruder
was missing front teeth.)[2]

---

[2] The Appeals Court panel that decided the *Pullum* case was the same
panel that acted in this case. The distinctions between the two cases, thought

There are cases in which we have not reversed convictions because, although the prosecutor commented on the defendant's courtroom conduct, he did not argue that an inference of guilt should be drawn from it. See *Commonwealth* v. *Connor,* 392 Mass. 838, 853 (1984) ("The prosecutor's reference to the defendant as 'the man that you've observed here for seven weeks, writing, writing and writing,' was a reference to the defendant's courtroom appearance and was not improper"); *Commonwealth* v. *Smith,* 387 Mass. 900, 907 (1983) (no error in a prosecutor's comment that "you have had an opportunity to look at him during the trial as he squirms and smirks and laughs, or whatever you have seen him do"). Accord *Commonwealth* v. *Pullum,* 22 Mass. App. Ct. 485, 488 (1986). There are also general statements in our cases to the effect that comment on a defendant's courtroom appearance is appropriate. See *Commonwealth* v. *Connor, supra* at 853; *Commonwealth* v. *Kater, supra* at 533; *Commonwealth* v. *Borodine, supra* at 11. Where the defendant has an observable physical characteristic, comment on his appearance is proper. See *Commonwealth* v. *Kater, supra* at 533. We regard the proposition as clear, however, that a prosecutorial argument that the jury should draw inferences against a defendant who did nothing but behave properly in the courtroom is improper.[3]

---

by the Appeals Court to stand in counterpoint in certain pivotal respects (*id.* at 485), are not sufficiently major to warrant different results. Each case presents a minor variation on the same theme — unjustified prosecutorial argument that the jury should draw inferences from the fact that a defendant sat properly in the courtroom.

[3] It has been held to be error for a judge to permit a prosecutor to argue that a defendant's unruly courtroom conduct may be considered as evidence of guilt. *United States* v. *Wright,* 489 F.2d 1181, 1186 (D.C. Cir. 1973). Another Federal court has said: "Until a defendant has placed his own demeanor in evidence by taking the stand to testify, his personal appearance at the trial is irrelevant to the question of his guilt or innocence. If the defendant remains impassive during the testimony of his accuser, he is only conforming to that standard of deportment which the courts have a right to expect from all participants in the trial process, including the parties." *Cunningham* v. *Perini,* 655 F.2d 98, 100-101 (6th Cir. 1981) (per curiam), cert. denied, 455 U.S. 924 (1982). See *United States* v. *Hill,* 508 F.2d 345, 347 (5th Cir.), cert. denied, 422 U.S. 1009, and cert. denied sub nom. *Wilkerson* v. *United States,* 423 U.S. 826 (1975).

As the Appeals Court said in this case, "It cannot be fair to pillory a defendant for behaving appropriately." *Commonwealth* v. *Young,* 22 Mass. App. Ct. at 455. "The defendant would be adversely affected if he were not calm and under control. What was this defendant, or any defendant, supposed to do in such a situation?" *Id.* at 457. (Brown, J., concurring). The Appeals Court opinion should have followed the guidance of its own sound reasoning. In this case, the improper argument was prejudicial requiring reversal of the convictions. When the judge overruled the objection, the jury were impliedly advised that the judge regarded the argument as proper. See *Commonwealth* v. *Kozec, ante* 514, 522-523 (1987); *Commonwealth* v. *Cobb,* 374 Mass. 514, 521 (1978).

The use against the defendant of his good behavior in the courtroom may be particularly unfair here. Defense counsel's comments to the judge, quoted above, that she had worked with the defendant and that he could have been a behavior problem suggest that the Commonwealth as unknowingly taking advantage of the fact that the defendant followed his court-appointed attorney's sound advice. The defendant's first convictions had been overturned because, in the view of the Court of Appeals for the First Circuit, he had improperly been required to sit in the prisoner's dock during the trial. See *Young* v. *Callahan,* 700 F.2d 32 (1st Cir.), cert. denied, 464 U.S. 863 (1983). The defendant would have been particularly concerned, therefore, that he behave himself, be allowed to sit at the counsel table at this trial, and not be put into the unfavorable courtroom status that he may have believed contributed to his first convictions.

Although this case does not present the question whether a prosecutor may properly urge a jury to infer guilt from something the defendant did in the courtroom while not testifying, we comment on the point in order to help establish clear guidelines. In *Commonwealth* v. *Valliere,* 366 Mass. 479, 494 (1974), we said that "[i]t would of course be improper to suggest that reading transcripts and suggesting questions to counsel show consciousness of guilt . . . ." The court did accept the possibility "that such actions bear on coolness under

stress." *Id.* at 494-495. Our current view is that a prosecutor should never argue that an inference of guilt should be drawn from proper conduct, such as reading transcripts, taking notes, and consulting with counsel. If a prosecutor believes that a defendant said or did something in the courtroom while not testifying from which the prosecutor fairly could argue an inference of guilt, he should make no reference to that conduct without first obtaining the judge's approval. Any comment may be an improper reference to a defendant's failure to testify;[4] it may be a suggestion or implication that the prosecutor has particular knowledge of a fact not in evidence; or it may be an attempt to ask the jury to draw an inference that is not fairly warranted. See *Commonwealth* v. *Kozec, ante* at 524.

We turn finally to matters argued on this appeal that may arise again at retrial. We agree with the Appeals Court's conclusion concerning the proper admission of testimony about weapons. The admission of Anthony Grant's hearsay statement ("Dave, don't kill him in here . . .") cannot be justified as evidence of statements attending the commission of a crime under *Commonwealth* v. *Harris,* 376 Mass. 201, 207 (1978). The rule stated in the *Harris* case concerns the crime with which a defendant is charged and not, as here, a collateral crime. We see no theory on which the statement is clearly admissible, and, in view of the prejudicial quality and limited probative value of the statement, the trial judge would be well advised to exclude the statement if it is offered.

The judgments are reversed and the jury verdicts are set aside.

*So ordered.*

---

[4] We agree with the Appeals Court that the prosecutor's remarks in this case could not reasonably be considered as a comment on the defendant's failure to take the stand. *Commonwealth* v. *Young,* 22 Mass. App. Ct. at 454.