COMMONWEALTH vs. DANIEL O. SHERICK.

Plymouth. September 14, 1987. — December 16, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Criminal,* Comment by prosecutor.

At a criminal trial, no substantial risk of a miscarriage of justice was created
    by the prosecutor's statements to the effect that the defendant fabricated
    his testimony as the trial progressed, where there was evidentiary support
    for the prosecutor's assertions and where the remarks, in the cir-
    cumstances, did not burden the defendant's right to remain silent. [303-305]
There was no merit to a criminal defendant's contentions on appeal that the
    prosecutor's remarks violated G. L. c. 278, § 23, and that the judge
    erred in instructing the jury on consciousness of guilt. [305]

INDICTMENT found and returned in the Superior Court De-
partment on June 25, 1984.

The case was tried before *George N. Hurd, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*William R. Hill, Jr.,* Committee for Public Counsel Services,
for the defendant.

*Robert P. Snell,* Assistant District Attorney, for the Com-
monwealth.

LYNCH, J. The defendant was convicted of the lesser in-
cluded offense of rape on an indictment charging aggravated
rape, and acquitted on other charges of kidnapping and assault
by means of a dangerous weapon. The conviction was affirmed
upon review by the Appeals Court. *Commonwealth* v. *Sherick,*
23 Mass. App. Ct. 338 (1987). We granted the defendant's
application for further appellate review, and we also affirm
the conviction.

The relevant facts are set out in detail in the opinion of the
Appeals Court. In sum the evidence warranted a finding that
the victim was forcibly raped by the defendant in his automobile

after he had offered to give the victim a ride from her home, where the defendant had been a guest, to a friend's house where the victim intended to babysit. The defense at trial was consent.

1. After the Appeals Court decision in the case was published, this court decided *Commonwealth* v. *Person,* 400 Mass. 136 (1987). The defendant claims that certain remarks of the prosecutor during closing argument violated the principle of *Commonwealth* v. *Person, supra.* In *Person* we held that "a prosecutor may not argue that the jury should draw a negative inference from the fact that the defendant remained silent until he testified," because such an argument impermissibly burdens a defendant's constitutional right to remain silent. *Id.* at 140. See *Doyle* v. *Ohio,* 426 U.S. 610 (1976); *Commonwealth* v. *Teixera,* 396 Mass. 746, 752 (1986). In *Person,* the prosecutor had argued, "[I]sn't it just a little bit odd that after sitting here for six days and listening to all the testimony [the defendant] comes in and gives a completely tailored cover story covering every single aspect . . . ." *Commonwealth* v. *Person, supra* at 139. Here, the prosecutor said of the defendant, "[A]fter all the Commonwealth's evidence was in, he heard all the witnesses, he sat there. . . . But remember when you think about what he said from that witness stand that he listened to all of the testimony sitting right here before he took that stand. . . ."

The remarks at issue must be judged within the context of the entire argument, the facts of the case and the rationale underlying the *Person* principle. See *Commonwealth* v. *Thomas,* 400 Mass. 676, 682 (1987); *Commonwealth* v. *Person, supra.* When so considered, it becomes apparent that this case is distinguishable from *Commonwealth* v. *Person* on a number of grounds and that no new trial is required.

Since there was no objection to the argument, we review only to determine whether there has been a substantial risk of a miscarriage of justice. *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). Although some aspects of the prosecutor's argument sailed close to the line established in *Person,* we conclude that the line was not crossed and therefore no error exists to be tested against the miscarriage of justice standard.

In *Person,* the prosecutor baldly stated that, because the defendant had been able to sit in court and listen to all the State's witnesses, he had fabricated his trial testimony. Yet there was no *evidence* to support the prosecutor's assertion. Here, the prosecutor attacked the defendant's credibility by making specific references to instances where the defendant changed his account of the event to conform with the strong evidence of the Commonwealth.

For example, the prosecutor said, "I would suggest to you that his [the defendant's] testimony has been made up as he goes along." But this statement was not made in a vacuum. It was tied specifically to the prosecutor's assertion, based on the evidence, that the defendant had changed his pretrial position regarding whether there had been oral sex in order to conform that position with trial testimony revealing positive acid phosphatase tests from the victim's mouth. As another specific example of fabrication the prosecutor noted the fact that the defendant's testimony regarding whether or not there had been tires in the back seat of his vehicle wavered considerably upon cross-examination. Finally, the prosecutor tempered his remarks by saying, "Is what [the defendant] told the police he was doing the night that he was arrested consistent with his trial testimony?" This is in stark contrast to *Person,* where there was no independent evidentiary support for the prosecutor's assertion of fabrication.

Viewed in their proper context, therefore, the effect of the prosecutor's remarks here was not such "that a jury would naturally and necessarily construe them to be directed to the failure of the defendant to testify." *Commonwealth* v. *Smallwood,* 379 Mass. 878, 891 (1980), quoting *United States* v. *Armedo-Sarmiento,* 545 F.2d 785, 793 (2d Cir. 1976), cert. denied, 430 U.S. 917 (1977). In the circumstances, we agree with the Appeals Court that the remarks were a "permissible reflection upon elements of the defendant's [trial] testimony." *Commonwealth* v. *Sherick,* 23 Mass. App. Ct. at 347.

Such a holding is in accord with the rationale underlying the *Person* decision. In *Person,* the prosecutor had impermissibly seized upon the defendant's constitutionally-protected si-

lence before trial as evidence of guilt. Here, however, the evidence of the defendant's guilt was not his pretrial silence but his pretrial statements contrasted with his trial testimony. The prosecutor was not trampling on the constitutional right to remain silent; he was performing his proper function of alerting the jury to possible flaws in the defendant's testimony. Compare *Commonwealth* v. *Person, supra* at 140-141, with *Commonwealth* v. *Young,* 399 Mass. 527, 530-531 (1987).

Other factors militate in favor of affirming the conviction. Because the defendant failed to object, there was no opportunity for the judge to correct any possible error through curative instructions. See *Commonwealth* v. *Cifizzari,* 397 Mass. 560, 579 (1986). Furthermore, the remarks did not receive any judicial "endorsement" such as a jury may infer when a judge overrules an objection. Compare *Commonwealth* v. *Kozec,* 399 Mass. 514, 518 n.8 (1987), and *Commonwealth* v. *Young, supra* at 531, with *Commonwealth* v. *Thomas, supra* at 683. Therefore, we conclude that the prosecutor's closing argument did not so burden the defendant's right to remain silent as to warrant a reversal of his conviction and a new trial.

2. The defendant also argues that the prosecutor's remarks violated G. L. c. 278, § 23, and that the judge erred in instructing the jury on consciousness of guilt. We reject these arguments for the reasons stated in the opinion of the Appeals Court. *Commonwealth* v. *Sherick,* 23 Mass. App. Ct. 338, 342-347 (1987).

*Judgment of the Superior*
*Court affirmed.*