COMMONWEALTH *VS.* MICHAEL H. KOWALSKI.

No. 91-P-847.

Hampshire. June 11, 1992. - July 23, 1992.

Present: KASS, PORADA, & LAURENCE, JJ.

*Rape. Evidence,* Prior conviction, Impeachment of credibility, Bias. *Witness,* Impeachment, Bias. *Practice, Criminal,* Argument by prosecutor.

At a criminal trial the judge properly exercised his discretion to admit evidence of the defendant's prior convictions for the purpose of his impeachment. [50]

At the trial of an indictment for rape the judge incorrectly allowed in evidence unexpurgated records of the defendant's convictions, including docket entries showing defaults, warrants issued and a probation surrender; where the credibility of the complainant and the defendant were decisive, the error required the reversal of the conviction. [51]

At the trial of an indictment for rape, the judge incorrectly restricted defense counsel's line of inquiry with respect to the complainant's fear of her boyfriend, proffered as a motive for her to lie, and the error required the reversal of the conviction. [51-53]

At a criminal trial the prosecutor improperly sought to have the jury draw an inference of guilt from the fact that the defendant remained silent until he testified, after having read the complainant's statements and heard the Commonwealth's evidence, and the error required reversal of the conviction. [53-54]

INDICTMENT found and returned in the Superior Court Department on June 27, 1985.

The case was tried before *Raymond R. Cross,* J.

*Lillian Miranda* for the defendant.

*Jane E. Mulqueen,* Assistant District Attorney, for the Commonwealth.

PORADA, J. On appeal from his conviction of rape, the defendant argues that the judge erred in allowing in evidence his prior criminal convictions and the records of those convictions, which contained prejudicial extraneous material, and in restricting the cross-examination of the victim and the di-

rect examination of two defense witnesses on the issue of the victim's motive to lie. He also argues that the prosecutor's closing argument contained prejudicial statements warranting reversal. We reverse.

1. *Prior criminal convictions.* The defendant argues that the judge did not weigh the danger of unfair prejudice that would arise from the admission of his five prior convictions against their probative value for impeachment purposes. *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984). He bases his claim on the grounds that the judge (1) improperly allowed the Commonwealth to introduce in evidence two convictions which had nothing to do with the defendant's truthfulness: distribution of heroin and accessory after the fact to armed robbery; (2) permitted the prosecutor to inform the jury, by reading from the original indictments, that the defendant had been charged with two violent crimes, armed robbery and robbery, even though he had been convicted of lesser offenses; and (3) allowed the Commonwealth to introduce in evidence the docket entries, which contained extraneous prejudicial material such as defaults, bail, and a violation of probation.

The judge did not abuse his discretion in allowing the Commonwealth to introduce the two convictions of dissimilar crimes which did not reflect on the defendant's truth-telling abilities. See *Commonwealth* v. *Reid*, 400 Mass. 534, 538-539 (1987). The judge was aware of his discretion under G. L. c. 233, § 21, to admit these convictions and exercised it. See *Commonwealth* v. *Knight*, 392 Mass. 192, 195 (1984). Likewise, the judge in this instance did not abuse his discretion in permitting the prosecutor to read to the jury the two charges of armed robbery and robbery even though the defendant's convictions were for lesser offenses. *Commonwealth* v. *Connolly*, 356 Mass. 617, 626-627, cert. denied, 400 U.S. 843 (1970). *Commonwealth* v. *Millyan*, 399 Mass. 171, 184-185 (1987). However, we reiterate that the better practice in such circumstances would be to avoid mention of the crimes for which he was indicted but not convicted. *Commonwealth* v. *Millyan*, 399 Mass. at 184-185.

We conclude, however, that the judge committed error in admitting in evidence unexpurgated records of convictions, including docket entries, which showed defaults, warrants issued, and a surrender for an alleged violation of probation. *Commonwealth* v. *Ford*, 397 Mass. 298, 300 (1986). *Commonwealth* v. *Clark*, 23 Mass. App. Ct. 375, 380-381 (1987). Although the defendant did not object to the admission of the extraneous material, the error was prejudicial. *Commonwealth* v. *Clark*, 23 Mass. App. Ct. at 381. The defendant's case was based on consent. The credibility of the complainant and of the defendant was decisive. Credibility of witnesses is a function for the jury and not the appellate courts. *Commonwealth* v. *Ford*, 397 Mass. at 301-302. While "[i]t may be that the record of prior convictions so undermined the defendant's credibility that the extraneous entries were superfluous to the Commonwealth's successful attempt to impeach," we cannot say "with fair assurance" that the extraneous material did not have a significant impact on the jury's assessment of the defendant's credibility. *Ibid.* See *Commonwealth* v. *Clark*, 23 Mass. App. Ct. at 381-382. Compare *Commonwealth* v. *White*, 27 Mass. App. Ct. 789, 795 (1989) (admission of records of convictions containing extraneous material consisting of the names of the victims, a probation surrender, a default, and an alias did not create substantial risk of miscarriage of justice).

2. *Restrictions imposed on examination of witnesses.* The defendant argues that the judge committed reversible error by limiting defense counsel's cross-examination of the complainant regarding her relationship with her boyfriend. The defendant contends that the complainant lied because she was afraid of her boyfriend. During the trial, the judge sustained the prosecutor's objection to defense counsel's question to the complainant as to whether she had ever been beaten by her boyfriend. After the defendant's offer of proof that fear of her boyfriend might account for her denial of the intercourse as consensual, the judge ruled: "She can answer that yes or no, and that will be the end of that. Then we'll go on to something else." After the complainant affirmed that

she had been beaten by her boyfriend, the defendant terminated his line of questions about her relationship with her boyfriend.

The judge's foreclosure of this line of inquiry constituted prejudicial error. *Commonwealth v. Stockhammer*, 409 Mass. 867, 875-876 (1991). "A defendant has the *right* to bring to the jury's attention any 'circumstance which may materially affect' the testimony of an adverse witness which might lead the jury to find that the witness is under an 'influence to prevaricate' " (emphasis original). *Commonwealth v. Haywood*, 377 Mass. 755, 760 (1979), quoting from *Commonwealth v. Marcellino*, 271 Mass. 325, 327 (1930). See also *Commonwealth v. Koulouris*, 406 Mass. 281, 285 (1989). This principle is particularly important when the charge is rape, because "[t]he right to cross-examine a complainant . . . to show a false accusation may be the last refuge of an innocent defendant." *Commonwealth v. Elliot*, 393 Mass. 824, 828 (1985), quoting from *Commonwealth v. Joyce*, 382 Mass. 222, 229 (1981). *Commonwealth v. Stockhammer*, 409 Mass. at 875. In the present case, the jury would have had to disbelieve the complainant in order for the defendant to be acquitted. By limiting the defendant's probing of the relationship between the complainant and her boyfriend to evidence that she had been beaten by·him in the past, the judge deprived the defendant of an opportunity to present sufficient information to the jury for them to make a discriminating appraisal of the complainant's motive to lie. *Commonwealth v. Elliot*, 393 Mass. at 831. We cannot say that this information would not have had a material impact on the jury's decision. *Commonwealth v. Stockhammer*, 409 Mass. at 879, 880. Contrast *Commonwealth v. Elder*, 389 Mass. 743, 749-751 (1983)(no error in limiting cross-examination to exclude evidence of prior sexual history where defendant given opportunity to probe fully the relationship between the complainant and the defendant in order to show bias). This error was not attenuated by the fact that the limitation did not preclude the defendant from arguing this the-

ory to the jury. See *Commonwealth* v. *Elliot*, 393 Mass. at 832.

The defendant also claims that the judge improperly restricted his examination of two defense witnesses regarding the complainant's motive to fabricate her testimony because of fear of her boyfriend. We do not agree. Unlike the defendant's cross-examination of the complainant on this issue, the judge did not foreclose this line of inquiry. Rather, the failure to probe the issue with the two witnesses was the result of defense counsel's failure to frame proper questions and to work around the judge's admonitions to counsel. Compare *Commonwealth* v. *Barnes*, 399 Mass. 385, 392-393 (1987); *Commonwealth* v. *Bucknam*, 20 Mass. App. Ct. 121, 122-123 (1985).

3. *Prosecutor's closing argument.* The defendant contends that the prosecutor committed reversible error by portraying the victim as heroic, brave, and bereft of family or friends; by commenting on the defendant's postarrest silence, and by injecting his personal belief that the complainant had been raped. Defense counsel made no objections to the prosecutor's argument. Consequently, our review is limited to determining whether there was a substantial risk of a miscarriage of justice. *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 416 (1978).

We conclude that only one segment of the prosecutor's closing argument gives rise to prejudicial error. In his summation, the prosecutor argued: "Now ladies and gentlemen, what about this defendant giving reasonable, as they're termed, reasonable explanations for everything that occurred? Well, when is the first time he gave a reasonable explanation? Right there on the witness stand." The prosecutor then continued: "[The victim] is asked, and she has to . . . tell Detective Lavalle what happened. She tells the doctor what happened. The next day she gives Detective Lavalle a statement. That same month she goes in front of the grand jury. By the end of June, 1985, she's already had to say it at least four times. And you saw the defense attorney bring her statement out, bring the grand jury minutes out. They've had

them. And then Michael Kowalski gets to sit in the court-room and listen to all the testimony. Then he comes up with, on the stand, what are called 'reasonable explanations.' "

It is clear from these statements that the prosecutor sought to have the jury draw an inference of guilt from the fact that the defendant remained silent until he testified and had the opportunity to read the complainant's statements before trial and to sit through all the Commonwealth's evidence at trial. The remarks were improper. *Commonwealth* v. *Person*, 400 Mass. 136, 138-143 (1987). Since the credibility of the defendant was of critical importance in this case, we cannot say that these remarks were not prejudicial or that the prejudice was cured by the judge's general instructions to the jury that closing arguments and personal opinions of the attorneys are not evidence. *Commonwealth* v. *Person*, 400 Mass. at 142-143. Cf. *Commonwealth* v. *Sherick*, 401 Mass. 302, 303-305 (1987)(no miscarriage of justice where evidentiary basis demonstrating defendant changed his pretrial account of the event to conform to the Commonwealth's evidence at trial).

In sum, we conclude that the above errors singly and in combination gave rise to a substantial risk of a miscarriage of justice.

*Judgment reversed.*
*Verdict set aside.*