COMMONWEALTH vs. PAUL D. PROULX.

No. 91-P-1228.

Worcester. January 27, 1993. - May 19, 1993.

Present: DREBEN, SMITH, & IRELAND, JJ.

*Rape. Practice, Criminal*, Examination of jurors. *Jury and Jurors.*

This court declined to extend the principles of *Commonwealth* v. *Sanders*,
383 Mass. 637 (1981), to require individual voir dire under G. L.
c. 234, § 28, of potential jurors in homosexual rape cases in which the
defense of consent is raised. [494-496]

In the circumstances of the trial of a criminal case involving sexual acts
between persons of the same sex, the judge did not abuse his discretion
in denying the defendant's motion for individual voir dire of the poten-
tial jurors. [496-497]

INDICTMENTS found and returned in the Superior Court
Department on May 5, 1988.

The cases were tried before *Herbert F. Travers, Jr.,* J.

*Edward C. Bryant, Jr.,* for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for
the Commonwealth, submitted a brief.

DREBEN, J. Tried on two counts of unnatural sexual inter-
course by force upon a male victim, the defendant moved for
an individual voir dire pursuant to G. L. c. 234, § 28.[1] Al-

---

[1]The second paragraph of that section, as amended by St. 1975, c. 335,
provides:

"For the purpose of determining whether a juror stands indifferent in
the case, if it appears that, as a result of the impact of considerations
which may cause a decision or decisions to be made in whole or in part
upon issues extraneous to the case, including, but not limited to, commu-
nity attitudes, possible exposure to potentially prejudicial material or possi-
ble preconceived opinions toward the credibility of certain classes of per-
sons, the juror may not stand indifferent, the court shall, or the parties or
their attorneys may, with the permission and under the direction of the
court, examine the juror specifically with respect to such considerations,
attitudes, exposure, opinions or any other matters which may, as aforesaid,

though the judge questioned potential jurors collectively,[2] the defendant claims that individual voir dire[3] was required by that statute, or, if not, the judge abused his discretion in not conducting individual examination of jurors. See *Commonwealth* v. *Shelley*, 381 Mass. 340, 353-354 n.12 (1980). See generally Smith, Criminal Practice & Procedure §§ 1717-1719 (2d ed. 1983 & Supp. 1993). In seeking reversal of his convictions and a new trial,[4] the defendant does not rely on special extraneous influences based on the record, see *Commonwealth* v. *Boyer*, 400 Mass. 52, 56 (1987), but rather urges that individual voir dire be required in all homosexual rape cases where a defendant contends that the complainant

---

cause a decision or decisions to be made in whole or in part upon issues extraneous to the issues in the case. Such examination may include a brief statement of the facts of the case, to the extent the facts are appropriate and relevant to the issue of such examination, and shall be conducted individually and outside the presence of other persons about to be called as jurors or already called."

[2] The judge told potential jurors (they apparently had been previously assigned to panels) that the case would involve evidence of a graphic nature indicating sexual activities between two males including evidence of oral and anal sex. He asked them collectively whether evidence of that nature would "interfere in any way with your being able to reach a fair and conscientious verdict that is based solely upon the law and the evidence in the trial?" Three jurors answered "yes" and were excused. The judge then asked a similar question, and nine potential jurors rose and were excused.

[3] The questions requested by the defendant, relevant to our inquiry are:

"4. Do you believe that you will be unable to fairly and impartially weigh the evidence in view of the fact that the alleged offenses involve sexual activities, including oral sex and anal sex between two adult males, and in view of the fact that there may be considerable detailed testimony regarding said sexual activities?"

"5. Do any of you believe that you are predisposed to find the defendant guilty in view of the fact that he has been accused of raping another male?"

"6. Do you think that your own feelings will make it difficult to fairly weigh the evidence in this case?"

[4] In any event, the defendant would not be entitled to a new trial. In those cases, not constitutionally mandated, when the rule requiring individual voir dire has been extended, the rule is only prospective. *Commonwealth* v. *Sanders*, 383 Mass. 637, 640 (1981). *Commonwealth* v. *Hobbs*, 385 Mass. 863, 873 (1982). *Commonwealth* v. *Young*, 401 Mass. 390, 398 (1987). *Commonwealth* v. *Stephens*, 15 Mass. App. Ct. 461, 466 (1983). See *Commonwealth* v. *Boyer*, 400 Mass. 52, 56 (1987).

consented. Because of the Supreme Judicial Court's reluctance to limit the discretion of trial judges in these matters, and because the few limitations it has imposed on such discretion are based on its supervisory power, see *Commonwealth* v. *Young*, 401 Mass. 390, 398 (1987), we do not consider this the rare case where we can "fill the interstices." See *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. 362, 364 n.1 (1991).

The Supreme Judicial Court has followed a "cautious" approach, see *Commonwealth* v. *Young*, 401 Mass. 390, 398 n.8 (1987), in extending the principles of *Commonwealth* v. *Sanders*, 383 Mass. 637 (1981),[5] even in interracial cases, the one area in which it has, "in a limited class" of cases, restricted judicial discretion under G. L. c. 234, § 28. See *Commonwealth* v. *De La Cruz*, 405 Mass. 269, 274 (1989); *Commonwealth* v. *Grice*, 410 Mass. 586, 588, 589 (1991). Thus, the court refused to extend the *Sanders* principle in *De La Cruz* to include Hispanic persons as a race for jury empanelment purposes and, in *Grice*, to cases involving interracial armed robbery. Clearly concerned with the imposition of an additional burden on the court system by a blanket requirement of individual voir dire in a category of cases, see *Commonwealth* v. *Young*, 401 Mass. at 398 n.8, the court has assiduously refused to expand the *Sanders* rule "in the absence of demonstrated necessity." *Commonwealth* v. *De La Cruz*, 405 Mass. at 274.

In addition, the decision in *Commonwealth* v. *Boyer*, 400 Mass. at 56, suggests denial of the defendant's claim in this case. There, the defendant sought individual examination of jurors, requesting the posing of several questions relating to homosexuality, including the following:

> "The defendant in this case is a homosexual. Do you have feelings about homosexuals that might make it difficult for you to be impartial in deciding this case?"

---

[5]*Sanders* held that in interracial rape cases individual voir dire of jurors was required if sought by the defendant.

The defendant in *Boyer* was convicted under G. L. c. 272, § 53, as a "common night walker," that is, "someone who is abroad at night and solicits others to engage in illicit sexual acts." *Id.* at 53 n.1. For purposes of its decision, the court accepted the defendant's claim that the judge did not inform the jurors "that the defendant was a homosexual male who the evidence might show traveled at night as a transvestite" and did not ask collectively the jurors "if any juror would have difficulty sitting on such a case." *Id.* at 54. While recognizing the possibility of bias against homosexuals, the court upheld the trial judge's refusal to engage in individual voir dire, concluding that there was no basis in the record to require the judge to determine that there was a substantial risk of extraneous influences on the jury. *Id.* at 56. See also *Commonwealth* v. *Shelley*, 381 Mass. at 352.

The narrow range of *Sanders* and the decision in *Boyer* lead us to conclude that the judge did not err in refusing to question the jurors individually. See also *State* v. *Lambert*, 528 A.2d 890, 892 (Me. 1987). Our failure to find a requirement in the statute or an abuse of discretion by the trial judge is not, however, to be taken as disapproval of individual voir dire in cases involving sexual acts between persons of the same sex where the defendant requests such questioning. There is obviously a potential for prejudice in such cases. See G. L. c. 272, § 34 ("abominable and detestable crime against nature"). See also *Commonwealth* v. *Shelley*, 381 Mass. at 353 n.11, where the court suggests that "homosexuals might constitute a class" under G. L. c. 234, § 28. See generally Developments in the Law — Sexual Orientation and the Law, 102 Harv. L. Rev. 1508, 1511-1519, 1551-1553 (1989). As stated in *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. at 364, "appellate decisions have consistently encouraged trial judges to respond generously to motions that they question jurors individually about possible prejudice." See *Commonwealth* v. *De La Cruz*, 405 Mass. at 274.

*Judgments affirmed.*