COMMONWEALTH *vs.* ERNEST M. McGREGOR. No. 94-P-540. September 29, 1995. *Rape. Practice, Criminal,* Examination of jurors. *Jury and Jurors. Rape-Shield Statute. Evidence,* Motive.

On his appeal from a conviction by a jury on an indictment charging him with rape, the defendant claims error in the trial judge's refusal to conduct individual voir dire of the venire concerning possible prejudice against homosexual relationships, and the exclusion of evidence showing the complainant's motive to lie. Although we see no error in the impanelment procedure, we conclude that the exclusion of evidence showing a possible motive for the complainant to lie created a substantial risk of a miscarriage of justice and reverse the conviction.

1. *The evidence.* According to the testimony of the complainant, he was transported to the Hampshire County house of correction in the early afternoon of May 7, 1992, to commence service of a sentence imposed upon him that morning. Soon after his arrival at the institution, the complainant was approached by the defendant, who claimed to know the complainant's brother. The defendant invited the complainant to come to his cell later to smoke "pot." The defendant was the sole occupant of his cell, which was furnished with a bed, a table and chair, a television set, and a fan on the window ledge on the wall opposite the door to the cell. Later in the day, the complainant went to the defendant's cell, where the two men talked for a while and then went to supper. After their meal, they returned to the defendant's cell, where they played cards and watched television. Throughout this period of time, and contrary to the rules of the institution, the door to the cell, in which there was a window, was closed.

About 6:30 P.M., the defendant left the cell to make a telephone call. When he returned, he closed the door and removed a razor blade from beneath a cloth covering the table. He ordered the complainant into a corner and threatened that if the complainant did not perform fellatio on him, he would cut his face. The complainant protested, saying, "I'm religious

and I can't do this. Please don't make me do this." At this point, the men heard a guard approaching. The defendant ordered the complainant to sit on the bed next to him. The guard opened the door, looked in, stepped back out, and closed the door. The defendant then put his arm around the complainant's neck, held the razor blade to his throat, forced him face down over the table, and raped him.

Denying the complainant's version of events, the defendant testified that on the afternoon of May 7, an inmate told him that the complainant was making inquiries about obtaining drugs. The defendant went to the complainant's cell, which was shared by four inmates, asked the complainant if he wanted to smoke some "pot," and told him to come to his cell later in the day. The defendant related that the complainant came to his cell and they stood by the window and, using the fan to carry the smoke and pungent odor out of the cell, shared a "roach." When they finished, the complainant asked the defendant what he expected in return for the pot. The defendant testified that he explained to the complainant that he was a homosexual, that he wanted to have sex with him, and the complainant agreed.

Each version of the event was laced with various details that provided ample occasion for cross-examination. Although there was additional evidence (fresh complaint and medical testimony as well as that of the guards who periodically checked the defendant's cell in making their rounds that evening), it was not of sufficient force to make the matter other than one of credibility, that is, the complainant's word against that of the defendant.

2. *Jury impanelment.* Relying upon *Commonwealth* v. *Flebotte*, 417 Mass. 348, 355 (1994), the defendant argues that we should depart from our holding in *Commonwealth* v. *Proulx*, 34 Mass. App. Ct. 494 (1993), where we declined to announce a rule requiring individual voir dire of potential jurors in homosexual rape cases in which the defense of consent is raised. There is nothing in the record before us that would support a conclusion different from that reached in *Proulx*, decided after completion of the trial in the instant case. The trial judge put appropriate questions to the venire concerning possible prejudice in respect to homosexuals and thereafter excused for cause those potential jurors who indicated the slightest doubt about their ability to be impartial and decide the case solely upon the basis of the evidence. Nor is the situation before us sufficiently analogous to the basis for the ruling in *Commonwealth* v. *Flebotte*, 417 Mass. at 355, to warrant a departure from our holding in *Proulx*.

3. *Evidence of motive to lie.* During the summer of 1991, the complainant was hospitalized at an addiction center. His medical records indicate that at that time he related to his therapists that an older man loved and took care of him. Those records note that although the complainant denied that he was homosexual, he admitted that he had been "involved in behaviors on the street w/pimps for a 'roof over my head and money for drugs' "

and that "Pt. claims he is bi-sexual and wishes not for others to know. . . . Pt reported he is bi-sexual because it was a way of making money. Pt. reported he has a lover now who keeps him in supplies of things he needs." The defendant filed a pretrial motion to allow use of the complainant's statements as evidence that he had engaged in sex with men for money and drugs.

Although the defendant's written motion asserted that the statements were sought for the purpose, among others, of showing the complainant's motive to lie, the only argument actually made on the motion concerned the defendant's intention to show that the complainant had engaged in homosexual activities in the past and that the defendant, based upon what he had been told by another inmate concerning the complainant's sexuality, had a good faith belief that the complainant was a homosexual and consented to the intercourse. The trial judge correctly concluded that the admissibility of such evidence was precluded by both the rape-shield statute, see G. L. c. 233, § 21B, and the rule against hearsay evidence, even were the defendant's good faith belief relevant. Cf. *Commonwealth* v. *Ascolillo*, 405 Mass. 456, 463 (1989). The argument advanced on appeal was not made to the trial judge, and we consider the present allegation of error under the "miscarriage of justice" standard of review. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967); *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986). It was the complainant's testimony that the acts demanded and committed by the defendant were against his religion and his will. The complainant's prior statements, as reflected in his medical records, show that although he had engaged in sex with men to obtain drugs and money, he did not want that fact to be known. As claimed by the defendant, intercourse with the complainant was with his consent in exchange for "pot," the very type of activity which the complainant has stated he did not want known. Exclusion of evidence showing that the complainant did not want it known that he was willing to engage in sex with men for purposes of obtaining drugs and money "deprived the defendant of an opportunity to present sufficient information to the jury for them to make a discriminating appraisal of the complainant's motive to lie." *Commonwealth* v. *Kowalski*, 33 Mass. App. Ct. 49, 52 (1992), citing *Commonwealth* v. *Elliot*, 393 Mass. 824, 831 (1985). In the context of a prison setting, a motive to lie about one's homosexuality could be even more compelling. The rape-shield statute does not preclude use of the complainant's statements to show his motive to lie. See *Commonwealth* v. *Joyce*, 382 Mass. 222, 231 (1981); *Commonwealth* v. *Baxter*, 36 Mass. App. Ct. 45, 52-53 (1994), and cases therein cited. Counsel specifically sought to use the prior statements, albeit for the wrong reason; the evidence presented at trial was far from one sided; and the excluded evidence was "sufficiently significant in the context of the trial to make plausible an inference that the result might have been otherwise but for the [exclusion of the evidence]." *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. at 21.

We conclude that the exclusion of the evidence created a substantial risk of a miscarriage of justice.

*Judgment reversed.*
*Verdict set aside.*

*Nona E. Walker,* Committee for Public Counsel Services, for the defendant.

*Jane E. Mulqueen,* Assistant District Attorney, for the Commonwealth.