COMMONWEALTH *vs.* MACK A. MCCRAY. No. 95-P-612. May 28, 1996.
*Rape. Consent. Evidence,* Hearsay, Identification, Photograph. *Practice, Criminal,* Argument by prosecutor. *Identification.*

This case is before us on the defendant's appeal from his conviction of rape. Unconvinced that two errors were harmless, we conclude that the case must be retried.

1. It was error for the judge to exclude, presumably as hearsay, the defendant's testimony that the complainant, in response to his request for sex, answered affirmatively. The proffered testimony was not hearsay, because it was not offered to show the truth of a proposition asserted therein, but to show her consent. It was analogous to the verbal acceptance of an offer in contract law; such statements are considered not hearsay, but verbal acts, and are admissible to explain the character of actions that follow. See Liacos, Massachusetts Evidence § 8.2.4 (6th ed. 1994); 2 Mc-Cormick, Evidence § 249, at 101-102 (4th ed. 1992). Alternatively, if a verbal acquiescence is viewed as hearsay, it is admissible under the exception for statements of mental condition, which includes statements of present intent. See Liacos, *supra* at § 8.15; *Commonwealth* v. *Lowe*, 391 Mass.

---

97, 104-106, cert. denied, 469 U.S. 840 (1984). A careful reading of the transcript convinces us that the error, repeated several times, was not harmless. The defendant's testimony as to the complainant's cooperative actions was not an adequate substitute; standing alone, that testimony could be viewed as corroborative of the complainant's testimony concerning her ultimate resignation to the inevitable after the defendant's initial, forcible acts. This was true also of the defendant's unobjected to testimony that the complainant "did not object" to the second act of penetration. None of these connoted affirmative willingness.

2. The Commonwealth concedes, properly, that its trial prosecutor erred when he argued that the defendant had "the benefit of [the complainant's] testimony over the course of the two days" and "was able to conform his story with that." See *Commonwealth* v. *Young*, 399 Mass. 527, 529-530 (1987); *Commonwealth* v. *Person*, 400 Mass. 136, 139-140 (1987); *Commonwealth* v. *Sherick*, 401 Mass. 302, 304-305 (1987); *Commonwealth* v. *Kowalski*, 33 Mass. App. Ct. 49, 53-54 (1992). If this were the only error, we would not reverse; the trial prosecutor seems to have realized that he misspoke, and he quickly changed the subject. Possibly for that reason, the defendant's counsel did not object, thinking, perhaps, that an instruction from the judge might only implant the forbidden inference in the minds of jurors who may have missed it.

3. At retrial the Commonwealth should not be permitted to introduce evidence of the identification by photographic array. It was common ground that the complainant had known the defendant for several years, had been to his apartment, and was in his car voluntarily the night of the alleged rape. She had already told the police that the defendant committed it. No purpose was served by evidence of the photographic identification but to inform the jury that the police had the defendant's picture. See *Commonwealth* v. *Barrett*, 386 Mass. 649, 652 (1982); *Commonwealth* v. *Weaver*, 400 Mass. 612, 620 (1987); *Commonwealth* v. *Smith*, 21 Mass. App. Ct. 619, 622-623 (1986), *S.C.*, 400 Mass. 1002 (1987).

> *Judgment reversed.*
> *Verdict set aside.*

*Eric S. Brandt*, Committee for Public Counsel Services, for the defendant.

*Nancy L. Hathaway*, Assistant District Attorney, for the Commonwealth.