## COMMONWEALTH *vs.* CHRISTOPHER DIRUSSO.

No. 01-P-1852.

Essex. November 6, 2003. - December 30, 2003.

Present: MASON, DOERFER, & GREEN, JJ.

*Indecent Assault and Battery. Practice, Criminal,* Jury and jurors, Voir dire, Instructions to jury, Assistance of counsel. *Jury and Jurors. Evidence,* Cross-examination, Fresh complaint. *Witness,* Cross-examination.

The judge at the trial of a criminal complaint charging three counts of indecent assault and battery on a child under fourteen did not err in failing to conduct an individual voir dire of potential jurors on the subject of childhood sexual abuse, where the defendant's trial counsel did not request an individual voir dire; moreover, the defendant did not properly present for this court's consideration a claim of ineffective assistance arising from trial counsel's failure so to request. [236-238]

At the trial of a criminal complaint charging three counts of indecent assault and battery on a child under fourteen, the judge's limitation of the scope of cross-examination of the victim regarding his juvenile criminal record to charges pending against him at the time he first implicated the defendant and later dismissed, and not to new charges pending against him at the time of trial, did not create a substantial risk of a miscarriage of justice, where the defendant was able to impeach the victim effectively using the charges pending against him at the time he made his initial statement, and the effect of any cross-examination into further charges pending against the victim at the time of trial would have been slight. [239]

The judge's erroneous admission in evidence of the victim's statement to police as fresh complaint testimony at the trial of a criminal complaint charging three counts of indecent assault and battery on a child under fourteen, and defense counsel's failure to object to admission of the statement, did not constitute ineffective assistance or create a substantial risk of a miscarriage of justice, where counsel sought to impeach the victim's credibility by use of criminal charges pending against him at the time of his statement to the police, and by pointing out inconsistent details between the victim's statement and his trial testimony. [239-240]

At the trial of a criminal complaint charging three counts of indecent assault and battery on a child under fourteen, there was sufficient evidence to establish that the victim was under the age of fourteen when the assaults occurred. [240-241]

This court concluded that the judge's instruction to the jury at a criminal trial did not invite the jury to find the defendant guilty even if they disbelieved the witnesses, but rather merely advised the jury that disbelief of a

witness's testimony did not constitute evidence of the contrary proposition. [241]

There was no merit to a criminal defendant's claims of ineffective assistance of counsel. [241-242]

COMPLAINT received and sworn to in the Lynn Division of the District Court Department on December 15, 1999.

The case was tried before *Joseph W. Jennings, III*, J., and motions for a new trial were heard by him.

*Bonny M. Gilbert* for the defendant.

*Gregory I. Massing*, Assistant District Attorney, for the Commonwealth.

GREEN, J. On appeal from his conviction by a District Court jury on three counts of indecent assault and battery on a child under fourteen, the defendant contends that the trial judge erred (i) in failing to conduct individual voir dire of the venire on the subject of child sexual abuse; (ii) in refusing to allow cross-examination into criminal charges pending against the victim at the time of trial; (iii) in failing to instruct the jury on the use of fresh complaint testimony; (iv) in denying his motion for a required finding of not guilty; and (v) in the final instruction to the jury. The defendant also claims that his trial counsel was ineffective in various respects. We affirm the convictions.

*Background.* The defendant was the victim's karate instructor at the time of the assaults. In 1999, the police contacted the victim after receiving information that he may have been the victim of a sexual assault. The victim gave a statement to the police describing three occasions on which the defendant fondled him: twice in the victim's residence while his mother was out, and a third time in the defendant's residence. Following the third incident, the victim stopped taking karate lessons. According to his mother, that occurred in the spring of 1996. The victim testified at trial about the three incidents; other witnesses included the victim's mother, the director of the school the victim was attending at the time of the three incidents, and the police officer who took the victim's statement in 1999.

*Voir dire.* The defendant claims that a new trial is required because the trial judge did not conduct an individual voir dire

of potential jurors on the question whether any juror had been a victim of a childhood sexual offense. Trial counsel did not request such a voir dire, an omission the defendant now contends constituted ineffective assistance.

After the jury pool were advised of the charges against the defendant, the judge inquired, inter alia, whether any member of the venire knew of any reason why they "would not be impartial in the case and be able to render a true and just verdict based solely upon the evidence." The judge did not specifically ask the venire as a group whether the nature of the charges against the defendant would impair their ability to be impartial, and as noted above the judge did not conduct an individual voir dire of the members of the venire to determine whether any had been a victim of childhood sexual abuse and, if so, whether that experience would impair their ability to be impartial.

General Laws c. 234, § 28, requires a trial judge to question prospective jurors individually when it appears that their impartiality may be affected by extraneous issues. A trial judge generally holds wide discretion to determine when individual voir dire is warranted. See *Commonwealth* v. *Grice*, 410 Mass. 586, 588 (1991). However, certain types of cases are thought categorically to present sufficiently high potential for extraneous influence that trial judges are required to conduct individual voir dire upon the defendant's request. See, e.g., *Commonwealth* v. *Sanders*, 383 Mass. 637, 640-641 (1981) (interracial rape); *Commonwealth* v. *Hobbs*, 385 Mass. 863, 873 (1982) (interracial sexual offenses against children); *Commonwealth* v. *Young*, 401 Mass. 390, 398 (1987) (interracial murder); *Commonwealth* v. *Seguin*, 421 Mass. 243, 245-249 (1995), cert. denied, 516 U.S. 1180 (1996) (insanity defense). Pertinent to the present matter, the Supreme Judicial Court, in *Commonwealth* v. *Flebotte*, 417 Mass. 348, 355 (1994), announced a prospective rule requiring "trial judges on request in future cases to question each potential juror individually as to whether the juror had been a victim of a childhood sexual offense."

As in each class of cases in which the Supreme Judicial Court has required individual voir dire, the requirement for individual voir dire on the subject of childhood sexual abuse is not grounded in constitutional considerations; it is instead based

on the general superintendency power of the Supreme Judicial Court to make rules in implementation of the policy set forth in G. L. c. 234, § 28. See *Commonwealth* v. *Holloway*, 44 Mass. App. Ct. 469, 473 (1998), and cases cited. As adopted in *Flebotte* (and, for that matter, in each of the other categories of cases for which individual voir dire is required), the requirement for individual voir dire arises upon the defendant's request for such inquiry; it is not automatic.[1] Because the defendant's trial counsel did not request an individual voir dire of jurors on the subject of childhood sexual abuse, none were required under the rule announced in *Flebotte*, and we do not otherwise discern any basis to conclude that the trial judge abused his discretion by failing to conduct such a voir dire sua sponte. There was no error.[2]

The defendant's appellate counsel separately contends that trial counsel was ineffective in not requesting individual voir dire, thereby triggering the *Flebotte* rule. The defendant did not assert such a claim in either of his two posttrial motions for a new trial. Consequently, we do not have before us an affidavit of trial counsel or any other record material to establish that trial counsel did not decline the opportunity for individual voir dire for tactical reasons. Absent support in the record, the defendant's claim of ineffective assistance is not properly presented for our consideration. See *Commonwealth* v. *McCormick*, 48 Mass. App. Ct. 106, 107-109 (1999).

---

[1]That a request for individual voir dire is an important component of the rule is illustrated by the discussion in cases such as *Commonwealth* v. *Sanders*, 383 Mass. at 641. Though a colloquy to verify that the defendant participated in counsel's request for an individual voir dire is no longer required, see *Commonwealth* v. *Ramirez*, 407 Mass. 553, 554-557 (1990), the cases recognize that introduction of potentially volatile subjects through individual voir dire "undoubtedly raises difficult issues of jury psychology with a potential for counter-productivity." *Id.* at 555.

[2]To further support his assertion that individual voir dire is mandatory, with or without request, the defendant notes that the conviction in *Flebotte* was upheld in part because of the trial judge's in-depth voir dire of the venire as a group on the subject of child sexual abuse. In response we observe simply that (i) the trial judge in *Flebotte* denied the defendant's request for individual voir dire of the venire, so that the defendant's claim was preserved for appeal and reviewed under the correspondingly higher standard; and (ii) in any event, the Supreme Judicial Court did not in *Flebotte* adopt the broader rule for prospective cases that the defendant now proposes.

*Limitation of cross-examination.* Prior to trial, the Commonwealth moved in limine to preclude cross-examination of the victim regarding his juvenile criminal record. The judge ruled that the defendant could cross-examine the victim about charges which were pending against him at the time he first implicated the defendant in his statement to police, and which were thereafter dismissed. The judge refused to allow inquiry into new charges pending at the time of trial. As counsel raised no objection to the judge's ruling at trial, we consider whether any error created a substantial risk of miscarriage of justice.[3]

The victim's trial testimony was largely consistent with his initial statement to the police, insofar as it asserted that the defendant had fondled him.[4] By cross-examining the victim on the circumstances of his initial statement to the police (the police approached the victim to inquire about the defendant, some three years after the assaults had taken place), the fact that the victim had charges pending against him at the time he gave his statement, and the fact that those pending charges were dismissed a short time thereafter, the defendant was able to impeach the victim in the eyes of the jury, and the defendant forcefully pressed that point in his closing.[5] Cf. *Commonwealth v. Rodwell*, 394 Mass. 694, 700 (1985) (trial judge did not abuse discretion by limiting cumulative cross-examination directed to witness bias). We conclude that the effect of any cross-examination into further charges pending against the victim at the time of trial would have been slight, and that the absence of such inquiry posed no substantial risk of miscarriage of justice.

*Fresh complaint.* The defendant raises a number of arguments on appeal directed to the admission of the victim's statement to

---

[3]Whether to allow cross-examination on a subject is a matter committed to the sound discretion of the trial judge. See *Commonwealth v. Miles*, 420 Mass. 67, 71 (1995). Our view of the matter does not require us to determine whether the judge's order limiting the scope of cross-examination abused that discretion.

[4]The defendant argued to the jury that certain differences in details between the victim's statement to the police and his trial testimony undermined the victim's credibility.

[5]The Commonwealth did not attempt in its closing to rehabilitate the victim's credibility by arguing that his trial testimony was given free of any influence from then-outstanding charges.

the police. The defendant first argues that the statement was inadmissible hearsay which should not have been admitted at all. Alternatively, the defendant contends, the statement was admissible only as a fresh complaint and should accordingly have been limited by appropriate instruction. Though trial counsel made no objection to the testimony, and did not request a limiting instruction, the defendant on appeal contends that trial counsel was ineffective in that respect.

We agree with the defendant that the victim's statement to the police was not admissible as fresh complaint,[6] but conclude that trial counsel chose for tactical reasons not to object to the testimony. Specifically, the defendant sought to impeach the victim's credibility by use of the charges pending against the victim at the time of his statement to the police, and by pointing out inconsistent details between the victim's statement to the police and his trial testimony.[7] Such circumstances form no basis for a new trial on grounds of ineffective assistance of counsel or a substantial risk of miscarriage of justice. See *Commonwealth* v. *Fanara*, 47 Mass. App. Ct. 560, 566-567 (1999).

*Motion for required finding.* The defendant cites conflicting and occasionally ambiguous testimony on the date of the assaults to claim that the evidence was insufficient to establish that the victim was under the age of fourteen when the assaults occurred. The victim turned fourteen on December 27, 1996. The assaults occurred while the victim was taking karate lessons from the defendant. The victim's mother testified that the victim started taking karate classes "in the winter of '96" and continued "[u]ntil the spring of that year, late spring." On cross-examination, when the defendant's trial counsel asked her if the victim "stopped taking karate sometime in the spring of 1997," the mother responded, "No, excuse me, I meant — like

---

[6] At three years following the assaults, the statement was stale, see *Commonwealth* v. *Montanino*, 409 Mass. 500, 509 (1991); *Commonwealth* v. *Traynor*, 40 Mass. App. Ct. 527, 530-532 (1996), and none of the factors typically considered to justify a long delay was present. See *Commonwealth* v. *Dockham*, 405 Mass. 618, 625-626 (1989). Because the statement was not a fresh complaint, it did not provide a basis for a corresponding limiting instruction.

[7] Indeed, the level of detail elicited by the defendant's cross-examination of the police officer was far greater than that in the police officer's testimony on direct.

right around January, December of — started in '95, the winter of '95, I made a mistake on that because he stopped in the spring of '96." Considered in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), that evidence formed a sufficient basis for the jury to conclude that the assaults occurred before the victim turned fourteen in December, 1996.[8]

*Jury instruction.* During his final charge to the jury, the judge instructed jurors that "[y]ou may believe everything a witness says or only part of it, or none of it at all. If you do not believe a witness's testimony that something happened, your disbelief is not evidence that it did not happen. When you disbelieve a witness it just means that you have to look elsewhere for credible evidence about that issue." We reject the defendant's argument that the judge's instruction invited the jury to find the defendant guilty even if they disbelieved the witnesses. Instead, we conclude that the instruction, though perhaps inartful, merely advised the jurors, correctly, that disbelief of a witness's testimony does not constitute evidence of the contrary proposition. See *Commonwealth* v. *Michaud*, 389 Mass. 491, 498 (1983); *Commonwealth* v. *Camerano*, 42 Mass. App. Ct. 363, 367 (1997).

*Ineffective assistance of counsel.* We have addressed above the defendant's claims of ineffective assistance of trial counsel arising from counsel's failure to request individual voir dire, and from his failure to object to (or request an instruction limiting) the hearsay testimony recounting the victim's statement to the police. The defendant has not demonstrated that any inquiry into the victim's confidential medical and counseling records would have produced any material that would have assisted his defense; absent such a showing it is speculative to assert that trial counsel's failure to seek such records "deprived the

---

[8]*Commonwealth* v. *Traynor*, 40 Mass. App. Ct. at 528-529, is precisely the inverse of the present case. In *Traynor*, the testimony was ambiguous on the dates of the assaults, but the victim's testimony was that the abuse began after the defendant moved into her mother's apartment. The victim's date of birth, combined with the date on which the defendant moved into her mother's apartment, established that she was fourteen at the time. In addition, the victim's mother testified "with certitude" that the victim was fourteen when the defendant moved into her apartment.

defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Swan*, 38 Mass. App. Ct. 539, 541 (1995), quoting from *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). As to the defendant's argument that trial counsel was ineffective for failing to object to testimony that the defendant "liked to like the kids a little bit, like hug them, like have them sit on his lap and stuff," we conclude that the prejudicial effect of the testimony, if any, was sufficiently slight that it did not create a substantial risk of miscarriage of justice.

*Judgments affirmed.*