A jury found the defendant, Kempess Slyvain, guilty of operating a motor vehicle while under the influence of alcohol (OUI).[2] On appeal, he argues that the prosecutor made an improper closing argument, that the judge wrongly denied his request for a voir dire question to the prospective jurors, and that the judge's preliminary charge concerning witness credibility was erroneous. Finding no merit in any of these claims, we affirm.
1. Closing argument. The condition of the sidewalk on which the defendant was required to perform the nine-step walk-and-turn field sobriety test was an issue at trial. The trooper conducting the test "had no difficulty with" the grading of the sidewalk and "thought it was relatively flat." The defendant, however, told the trooper he was unable to pass the test "because the sidewalk was uneven." The defendant testified, "I said look this is a grooved line, you expect me to walk on it, it's wide open." A photograph of the sidewalk was admitted as an exhibit.
In summation, defense counsel suggested that the trooper's use of the word "relatively" supported the defendant's testimony and urged the jury to examine the photograph carefully. In response, the prosecutor told the jury, "Now you're going to see the same photograph that we've seen and you can draw your own conclusions" about the condition of the sidewalk and "about whether or not that appears in the photo to be uneven or difficult to walk on." Referring to the trooper's testimony that the surface was "relatively flat," the prosecutor added, "I think what he meant by that was there may have been a slight incline overall, but it's not such that the actual physical surfaces were set off from one another."[3]
The defendant claims that the comment about the surfaces not being "set off" misstated the evidence. To be sure, attorneys' closing arguments may not "misstate the evidence or refer to facts not in evidence." Commonwealth v. Kozec, 399 Mass. 514, 516 (1987). Argument must be limited to the facts in evidence and the reasonable inferences therefrom. See Commonwealth v. Coren, 437 Mass. 723, 730 (2002). Because the defendant did not object to the prosecutor's "set off" comment, we review any error under the substantial risk of miscarriage of justice standard. See Commonwealth v. Owens, 402 Mass. 639, 642 (1988).
The prosecutor's argument was proper. Although the photograph showed a groove in the pavement, the prosecutor was not obligated to accept the defendant's testimony that the photograph depicted the location of the field sobriety test. Moreover, the prosecutor could reasonably argue that the paved areas on either side were not so far apart, or set off, as to impede the defendant's ability to walk. The prosecutor did not purport to have any special knowledge, but rather invited the jurors to review the evidence and "draw [their] own conclusions." The argument posed no danger that the jurors would base their verdict on improper or extraneous factors.
2. Jury voir dire. The defendant argues that the judge abused her discretion by declining his request to question the venire, "Do you think it is wrong to consume alcohol in any amount no matter how small and then operate a motor vehicle?" He contends that this omission violated his right to an impartial jury under the Sixth Amendment to the United States Constitution, art. 12 of the Massachusetts Declaration of Rights, and G. L. c. 234, § 28 (since repealed and replaced by G. L. c. 234A, § 67A ), because his case "turned on the issue of his consumption of alcohol and impairment."
A "judge has broad discretion" in determining what questions are put to potential jurors beyond those required by G. L. c. 234, § 28, "and need not put the specific questions proposed by the defendant." Commonwealth v. Morales, 440 Mass. 536, 548-549 (2003), quoting from Commonwealth v. Sanders, 383 Mass. 637, 641 (1981). To the extent this straightforward OUI case might have been influenced by extraneous issues relating to drinking and driving, the judge sufficiently prevented any risk of partiality by asking three other questions the defendant requested: whether any jurors, their families, or friends had ever been involved in an accident with a suspected drunk driver; whether any jurors or their immediate family members were involved in advocacy for stronger drunk driving laws; and whether any jurors or their family members belonged to Alcoholics Anonymous or any similar group.[4] The judge's selection of voir dire questions on the issue of drinking and driving did not "fall[ ] outside the range of reasonable alternatives" or reflect any error of judgment. Commonwealth v. Driscoll, 91 Mass. App. Ct. 474, 476 (2017), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
3. Preliminary instruction. We discern no error, let alone a substantial risk of a miscarriage of justice, in the judge's preliminary instruction. The judge informed the jurors that counsel might question the witnesses about "incidental matters," which need not be proven beyond a reasonable doubt, and that the jurors "may consider a witness's answer even about unessential matters when you determine the witness's credibility." This instruction merely described one aspect of the witnesses' testimony the jurors could use to make credibility determinations. Nothing in this instruction "preclude[d] the jury from considering all the testimony in order to decide whether they believed it." Commonwealth v. Gaeten, 15 Mass. App. Ct. 524, 531 (1983).
Judgment affirmed.

The judge found him responsible for two civil motor vehicle infractions, which were placed on file.

The trooper was not shown the photograph, and the defendant's testimony was the only evidence that the photograph (taken by the defendant) accurately depicted the place where the field sobriety test occurred.

The four potential jurors answering these questions in the affirmative were questioned at sidebar, and three of them were excused.