NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-917

BLAS REYNOSO

vs.

ASHWANI RATHOR & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This action stems from a contract regarding a turf soccer field between the plaintiff, Blas Reynoso, and the defendants, Ashwani Rathor and Vikas Rathor, the owners of a summer camp. The plaintiff filed a complaint in the Superior Court against the defendants alleging that the defendants breached their contract to share income from the field and that they were unjustly enriched. The defendants answered and counterclaimed for breach of contract, fraud, and promissory estoppel, alleging that the plaintiff failed to complete the turf field as promised. After a trial, a jury found that there was a valid

_____

[1] Vikas Rathor.

contract between the parties and that the plaintiff breached it but the defendants did not breach it.

The jury rejected the plaintiff's claim that the defendants had been unjustly enriched. Finally, the jury found that the plaintiff had committed fraud. The jury awarded the defendants $860,580 in damages. After interest was calculated, the judgment against the plaintiff totaled $1,067,548.33. The plaintiff appeals from the judgment. We affirm.

Discussion. 1. Waiver. None of the issues that the plaintiff raises on appeal were preserved in the Superior Court. As a result, they are waived. See Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997). See also Mass. R. A. P. 16(a)(9)(A), as appearing in 481 Mass. 1628 (2019). Where the parties have briefed the issues, however, we exercise our discretion to consider those arguments that conceivably rise to the level of appellate argument. See Rivas v. Chelsea Housing Auth., 464 Mass. 329, 337 (2013) (exercising discretion to consider issue of sufficient public policy even though waived).

2. Entitlement to an interpreter. We are not persuaded that the judge abused his discretion by failing, sua sponte, to provide the plaintiff with an interpreter. General Laws c. 221C, § 2, grants a "non-English speaker, throughout a legal proceeding, . . . a right to the assistance of a qualified

interpreter who shall be appointed by the judge."  Section one defines a "Non-English speaker" as "a person who . . . has difficulty in speaking or understanding, the English language, because he uses only or primarily a spoken language other than English."  G. L. c. 221C, § 1.

The plaintiff proceeded pro se at trial.  He claims that the record establishes that he was a "non-English speaker" because there are multiple instances where he struggled to understand the judge or properly present his case.  Accordingly, he argues the judge was on notice of his difficulty speaking English and committed reversible error when he did not, sua sponte, appoint the plaintiff an interpreter.  We disagree.

In fact, the record shows that the plaintiff was able to speak English well.  First, the evidence at trial established that the plaintiff communicated with and did business with the defendants in English. See Crivello v. All-Pak Mach. Sys., 446 Mass. 729, 733-734 (2006) (evidence of being able to explain medical condition to doctors in English suggested plaintiff was not non-English speaker).  Second, and more importantly, it is apparent from the trial transcript that the plaintiff communicated effectively with the other participants in the trial and understood the judge.  See Crivello, supra at 735 (record does not suggest plaintiff was non-English speaker even

3

if plaintiff had to repeat herself or judge had to seek clarification to understand what she was conveying).  He was able to examine witnesses, make objections, and deliver both an opening statement and a closing argument.  See id. (transcript reflected plaintiff's ability to understand what evidence was significant to her case despite fact that English was not her first language).  To the extent the plaintiff expressed occasional difficulty in understanding the judge or the proceedings, his struggles seem to have stemmed more from unfamiliarity with the mechanics of litigation than any difficulty understanding English.  The judge was alert to the plaintiff's needs and intervened to provide additional explanation when the plaintiff appeared to require it, including by providing detailed explanation of the jury charge.  We discern no error in the judge's failure to appoint an interpreter for the plaintiff in these circumstances.

2.  Jury bias and peremptory challenges.  We are likewise unpersuaded by the plaintiff's argument that the judge deprived him of a fair trial by failing to (1) question jurors about their biases concerning national origin; and (2) sua sponte question the defendants' peremptory challenges of jurors.

a.  Jury bias.  We are not persuaded that the judge erred or otherwise abused his discretion by failing to question the

4

prospective jurors about their possible biases against Spanish-speaking people and immigrants, where the issue was neither raised by the plaintiff nor apparent on the record. Pursuant to G. L. c. 234, § 28, a trial judge "must examine the jurors individually when it appears that issues extraneous to the case might affect the jury's impartiality." Commonwealth v. Grice, 410 Mass. 586, 588 (1991). That is particularly so in a criminal case, where the defendant has Federal and State constitutional rights to due process and an impartial jury. The plaintiff has not identified any precedent supporting his argument that the judge in this civil commercial dispute was required to conduct individual voir dire of prospective jurors about their potential biases stemming from his status as a pro se litigant who spoke English as a second language, and we are aware of none. Contrast Commonwealth v. Colon, 482 Mass. 162, 175-176 (2019) (in criminal cases involving murder, sexual offenses against children, and rape, where victim and defendant are of different ethnic origins, judge must, upon request, conduct individual voir dire on potential bias). Moreover, the plaintiff has not pointed to any facts particular to his individual circumstances, the facts of this case, or the nature of his legal claims that posed a risk of juror bias or prejudice

5

against him.  Indeed, as the defendants' counsel noted at oral argument, they too speak English as a second language.

To the extent any of the jurors harbored the particular biases highlighted in the plaintiff's brief, the judge mitigated the risk of resulting harm when he gave the Superior Court model jury instruction on implicit bias.  See Superior Court Model Jury Instructions, Final Charge 10-11 (Oct. 2021).  The judge's instruction included the cautions that "[a]ll people deserve fair and equal treatment in our system of justice regardless of their race, national origin, . . . or any other personal characteristic," and that the jurors should "consider [the parties] as individuals rather than as members of a particular group."  Cf. Commonwealth v. Kapaia, 490 Mass. 787, 799 (2022) ("even standard instructions, such as those given in this case, contribute to mitigating the harm created by improper [considerations]").

b.  Peremptory challenges.  In the course of jury empanelment, defense counsel exercised peremptory challenges to excuse the jurors numbered 12, 16, and 23.  In an affidavit prepared after the trial (but not, so far as the record reflects, presented to the trial judge), the plaintiff averred that two of these challenges applied to "a Haitian woman" and a Caribbean or Central American Immigrant."  Waiver concerns

6

aside, where the plaintiff did not develop the record to support his affidavit, and did not raise this issue to the trial judge, we discern no reason to disturb the usual "presumption that the exercise of a peremptory challenge is proper." Commonwealth v. Benoit, 452 Mass. 212, 218 (2008). See Commonwealth v. LeClair, 429 Mass. 313, 321 (1999) ("A trial judge is in the best position to decide if a peremptory challenge appears improper and requires an explanation by the party exercising it").

3. Jury instructions. The plaintiff argues that the trial judge erred in failing to instruct the jurors "to recognize and overcome their biases against the national origin, linguistic minority status and the fact that [the plaintiff] was not born in the United States." The plaintiff also argues that the judge erroneously instructed the jury that the plaintiff's statements during his examination of the witnesses were not evidence. We discern no error.

The plaintiff did not request that any specific instructions be given to the jury nor did he make any objections after the judge delivered his proposed instructions. See Rotkiewicz v. Sadowsky, 431 Mass. 748, 750-751 (2000) ("[a] party objecting to the inclusion or exclusion of an instruction must . . . clearly bring the objection and the grounds for it to the attention of the judge"); Jarry v. Corsaro, 40 Mass. App.

7

Ct. 601, 603 (1996) ("A party must make a proper objection to a jury instruction before the jury retires in order to preserve the issue for appeal"). See also Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974). Again, even were these arguments not waived, they would fail. As noted above, on the issue of juror bias, the judge gave the model jury instruction on implicit bias, which specifically warned the jurors to guard against their own implicit bias based on race or national origin and urged them to "consider [the parties] as individuals rather than as members of a particular group." See Superior Court Model Jury Instructions, Final Charge 10-12 (Oct. 2021). No more was required in these circumstances.

The judge also correctly instructed the jury that "[a] question put to a witness by counsel or by the pro se plaintiff, no matter how artfully phrased, is not evidence unless and until the witness affirmatively answered or adopted it." See Superior Court Model Jury Instructions, Final Charge 5-6 (Oct. 2021).

4. _Fraud and misrepresentation claims_. The plaintiff claims that the judge erred in failing to enter a directed verdict sua sponte for the plaintiff on the defendants' fraud and misrepresentation claims. However, the plaintiff failed to make a motion for a directed verdict at the close of the defendant's evidence. See Mass. R. Civ. P. 50(a), 365 Mass. 814

8

(1974).  Moreover, he did not make a motion for judgment notwithstanding the verdict after the jury returned.  See Mass. R. Civ. P. 50 (b), as amended, 428 Mass. 1402 (1998).  This precludes appellate review.  See Hatton v. Meade, 23 Mass. App. Ct. 356, 361-362 (1987).

5.  Missing witness instruction.  The plaintiff claims that he was entitled to a missing witness instruction based on the defendants' failure to call the plaintiff's former business partner, Carlos Semedo, to testify at trial, and that the judge erred in preventing the plaintiff from arguing facts not in evidence.  Waiver claims aside, we are not persuaded.

The plaintiff's claim that the judge erred by interrupting his argument and reminding him to "focus on the evidence" (rather than assertions about Semedo that were not in evidence) is simply incorrect.  The judge was properly limiting the plaintiff's arguments to the trial evidence and the reasonable inferences drawn from it.  See Mason v. General Motors Corp., 397 Mass. 183, 192 (1986) ("The scope of proper closing argument is limited to comments on facts in evidence that are relevant to the issues and the fair inferences which can be drawn from those relevant facts").

As for the plaintiff's claim that the judge should have given a missing witness instruction,

9

> "a missing witness instruction is appropriate when a party 'has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case,' and the party, without explanation, fails to call the person as a witness" (citation omitted).

Commonwealth v. Saletino, 449 Mass. 657, 667 (2007). First, there was virtually no evidence about Semedo's involvement in the field improvement project after a preliminary meeting in early 2017, in which the plaintiff represented that Semedo was his business partner and would install the field. The defendants quickly learned that Semedo had left the project. Beyond the trial evidence, the plaintiff never made any proffer about Semedo's relevance to his claims. Thus, the judge had no basis to infer that Semedo would "'be expected to give testimony of distinct importance to the case.'" Id. Second, it is readily understandable that the defendants would not have called Semedo, since as the plaintiff's business partner his loyalty presumably would have been with the plaintiff.

6. Fair and orderly publication and presentation of exhibits. Finally, the plaintiff argues the judge erred in permitting the parties to present the exhibits to the jury as the parties had agreed, given that some exhibits included duplicate documents, and in then instructing the jury "not to consider multiple copies more important than single documents."

10

Even if this claim were not waived, it is meritless. The judge correctly instructed the jury that evidence included the witnesses' in-court testimony and "the documents that were admitted in evidence during the trial" and that "the weight of the evidence is not necessarily determined by . . . the number of Exhibits introduced into evidence by either party." There was no error.

<u>Judgment affirmed</u>.

By the Court (Hand, Grant & Wood, JJ.[2]),

Clerk

Entered: July 29, 2025.

---

[2] The panelists are listed in order of seniority.